IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ANTWAN LAMON SADDLER, PRO SE, § <br> TDCJ-CID # 1433958 § <br> Previous TDCJ-CID #866205 § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEXAS DEPARTMENT OF CRIMINAL § <br>    JUSTICE ID, § <br> WILLARD KIPER, § <br> SHIRLEY K. HARBOUR, and § <br> MIKE RICHARDSON, § <br> § <br> Defendants. § | 2:09-CV-0103 |

**REPORT AND RECOMMENDATION**

Plaintiff ANTWAN LAMON SADDLER, acting *pro se* and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*. Defendants filed their Answer July 2, 2009, asserting various defenses, including Eleventh Amendment Immunity, Qualified Immunity, and Failure to Exhaust Administrative Remedies.

On September 2, 2009, an evidentiary hearing was held to consider the issues of Eleventh Amendment Immunity, Qualified Immunity, and Failure to Exhaust Administrative Remedies. Although this case was filed and the hearing was held before the Fifth Circuit decided *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010), all necessary due process was provided by giving both plaintiff and defendant notice that at the hearing various issues, including, specifically, Failure to

Exhaust Administrative Remedies and Qualified Immunity would be considered. Evidence was taken from both sides and records were examined in determining relevant facts. Argument was heard on the issues.

At the hearing, plaintiff agreed his claims were based on incidents also complained of by inmate's Brown and Lemons, whose claims are asserted in other lawsuits which were also explored at the evidentiary hearing.

As set forth below, at the conclusion of the hearing, the Magistrate Judge concluded that, while a defense of Failure to Exhaust Administrative Remedies applied to some claims, defendants KIPER, HARBOUR, and RICHARDSON were entitled to Qualified Immunity on all of defendant's claims. The Magistrate Judge further concluded Eleventh Amendment immunity applied to bar claims against defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE ID and against defendants KIPER, HARBOUR, and RICHARDSON in their official capacities.

## PLAINTIFF'S ALLEGATIONS

Plaintiff claims he has been racially and religiously profiled and discriminated against and that the defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE ID is legally accountable and responsible for the actions of its employees.

Plaintiff alleges defendant KIPER has denied inmates the right to "make wudu" (ritual cleansing) before prayer and has forbidden certain "knowledgeable brothers" the right to speak in Islamic religious services. Plaintiff says KIPER has attended an Islamic service and threatened he will kick out anyone if there are any disagreements. Plaintiff says he (KIPER) called the unit response team on one occasion when there was no altercation. Plaintiff also says that, on December 8, 2008, KIPER "did not honor the Islamic holiday . . . ."

Plaintiff alleges defendant HARBOUR enforces the denial of wudu and, if inmates are late for religious services, has turned some away. Further, he says she has made comments plaintiff found offensive, such as expressing her opinion about which inmate should be the coordinator of Islamic services.

Plaintiff claims defendant RICHARDSON, the Manager of food services, makes special meals for almost every holiday but did not make one for the Islamic holiday of Eid-Al-Adha. Plaintiff concludes RICHARDSON is "racist toward Islam."

Plaintiff claims all of the above defendants violated his First Amendment right to practice his religion and his Fourteenth Amendment rights.

Plaintiff requests unspecified injunctive relief to stop the violations of his rights and an award of $20,000.00 "for mental pain and stress."

## THE LAW AND ANALYSIS

**Defendant TDCJ-CID and Defendants KIPER, HARBOUR and RICHARDSON in their Official Capacities**

Actions brought pursuant to Title 42, United States Code, section 1983, are subject to the sovereign immunity bar of the Eleventh Amendment. *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997). The Eleventh Amendment bars a lawsuit against a state or a state official unless the State has waived its sovereign immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). This also applies to cases in which the state is the real party in interest. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975). The eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861

(5th Cir. 1989). The Texas Department of Criminal Justice is not a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). Plaintiff's claim against the Texas Department of Criminal Justice is a claim against the State of Texas and is barred by sovereign immunity.

Further, to the extent plaintiff's claim for monetary relief is asserted against defendants KIPER, HARBOUR, and RICHARDSON in their official capacities, it is barred because a suit against a state official in his or her official capacity is actually a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992).

"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

**MONETARY RELIEF UNDER THE PLRA**

Plaintiff has requested an award of monetary relief of $20,000.00 "for mental pain and stress." The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Section 1997e(e) turns on the relief sought. *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir.2005). The monetary relief sought by plaintiff for mental pain and stress is not supported by an allegation of physical injury and is clearly barred by section 1997e(e). Therefore, with respect to his claim for monetary damages, plaintiff has failed to state a claim on which relief can be granted.

**RLUIPA**

Plaintiff did not plead the Religious Land Use and Institutionalized Persons Act. To the extent plaintiff's claims should be examined under RLUIPA, whether or not RLUIPA creates an official capacity action for damages, such an action is barred by Texas' sovereign immunity, which is not waived by virtue of RLUIPA. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd*, *Sossamon v. Texas*, ___ U.S. ____, 131 S.Ct. 1651, 1658-59, 179 L.Ed.2d 700 (2011). Moreover, although the issue was not reviewed by the Supreme Court, the Fifth Circuit has determined RLUIPA does not create a cause of action against the defendants in their individual capacities. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009).

Additionally, the fact that a single service is disrupted or missed does not create a substantial burden and any RLUIPA claim on that basis is without merit. *Copeland . Livingston*, 2009 WL 2461007 CA No. 9:08-CV-94 (E.D.Tex. Aug. 7, 2009).

**Defendant RICHARDSON in his Individual Capacity**

**Failure to Exhaust**

The only grievance by plaintiff produced at the hearing did not concern any claim against defendant RICHARDSON, and it appears plaintiff has utterly failed to exhaust administrative remedies on his claim against this defendant.

Based on defendants' assertion of the defense of failure to exhaust administrative remedies, plaintiff's claims against defendant RICHARDSON are barred pursuant to Title 42, United States Code, section 1997e(a), and plaintiff has failed to state a claim against defendant RICHARDSON on which relief can be granted.

**Qualified Immunity**

Moreover, the evidence and argument presented at the evidentiary hearing demonstrates there was no dispute between the parties concerning the controlling facts. Based on those facts, the Court finds defendant RICHARDSON is entitled to qualified immunity.

Qualified immunity is an affirmative defense which protects public officials from civil liability while performing discretionary functions when such acts or omissions were objectively reasonable in light of clearly established law. *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997) *citing Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S.Ct. 462, 121 L.Ed.2d 371 (19892); *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

In analyzing a defendant's right to qualified immunity, the Court must determine whether the defendant violated a clearly established constitutional right[1]. If so, the Court must also determine whether the constitutional right was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998). Although analysis under the first prong requires the court to consider currently applicable constitutional standards, analysis under the second prong requires a court to measure the objective reasonableness of an official's conduct with reference to the law as it existed at the time of the conduct in question. *Id*. (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993).

In deciding which of the two prongs to address first, the court may utilize its sound

---

[1] A preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Analysis at this stage is performed under the "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

discretion in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

The evidence and testimony presented at the evidentiary hearing was that, on the Muslim holy day Eid-Al-Adha, Muslim inmates were allowed to hold a celebration together for two or three hours and eat as a separate group in the gymnasium instead of eating at the regular time slot with all the other offenders in the chow hall. Some of the inmates felt the menu for the meal was not appropriate and that more serving utensils should have been provided. Some felt they should have received a special menu, *i.e.*, one with Islamic significance, similar to meals served on Cinco de Mayo, Thanksgiving, Christmas, or Halloween; others felt they should have been served chicken instead of the Mexican food which was provided. Still other inmates felt plastic cups should not have been utilized for serving the food and that regular serving utensils should have been available.

The Court notes Cinco de Mayo, Thanksgiving and Halloween, as such, are not holy days in any religion and that Christmas, while it is a Christian holy day, is also a secular holiday in contemporary culture and is generally celebrated by both Christians and non-Christians alike.

In any event, at the hearing uncontroverted testimony was presented that TDCJ policy requires the menu of a holy day meal to be the same as that served to general population inmates, with the only differences allowed being the time and place of the meal. The meal under consideration was served at 10:00 a.m., the normal time for the meal, but was served in the gymnasium, a special place. Attendance was limited to members of the Muslim community. The menu was Mexican food and serving utensils were provided, *i.e.*, large plastic perforated spoons, along with some plastic coffee cups with handles, intended to be used for serving. While

there were other serving utensils that were not sent to the gymnasium, they were metal, not plastic like the ones that were provided. Metal utensils present a security issue. Defendant RICHARDSON testified he didn't want to sign out metal utensils because he didn't have sufficient staff at the gym to keep track of them. He testified that if one or more metal utensils had gone missing, it would have resulted in security delays occasioned by searches and even lockdowns until all metal utensils were located. RICHARDSON further testified the plastic cups provided for use in serving were also frequently used in the chow hall when there were not enough serving utensils there.

Plaintiff did not contest any of this testimony.

Based on the evidence at the evidentiary hearing, the Magistrate Judge concludes plaintiff did not allege facts showing a violation of any constitutional right by defendant RICHARDSON and, even if plaintiff had exhausted administrative remedies on his claim(s) against defendant RICHARDSON, defendant RICHARDSON is protected by qualified immunity from the claims asserted.

**Defendant HARBOUR in her Individual Capacity**

By his amended complaint, plaintiff alleged defendant HARBOUR enforces the denial of wudu and, if inmates are late, has turned some away. Further, he says, she has made comments plaintiff found offensive.

**Failure to Exhaust**

The evidence received at the hearing was that plaintiff has utterly failed to submit a grievance on the issue of wudu or any other matter concerning this defendant. It appears plaintiff has utterly failed to exhaust administrative remedies on his claims against this

defendant.

Based on defendants' assertion of the defense of failure to exhaust administrative remedies, plaintiff's claims against defendant HARBOUR are barred pursuant to Title 42, United States Code, section 1997e(a), and plaintiff has failed to state a claim against defendant HARBOUR on which relief can be granted.

**Frivolous Nature of Plaintiff's Claims**

Moreover, the Court notes plaintiff does not allege and did not testify at the hearing that he had ever been turned away by defendant HARBOUR from a religious service. To the extent, plaintiff seeks to vindicate the First Amendment rights of other inmates who were turned away, the Court notes that "one may not claim standing . . . to vindicate the constitutional rights of some third party." *Barrows v. Jackson*, 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1952). Plaintiff's claims in this respect lack an arguable basis in law and are frivolous.

Plaintiff's allegations about offensive comments do not state a claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993)(mere allegations of verbal abuse do not present an actionable section 1983 claim); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977))(mere threatening language and gestures of a custodial officer do not amount to a constitutional violation).

**Defendant KIPER in his Individual Capacity**

By his amended complaint, plaintiff claims defendant KIPER has denied inmates the right to "make wudu" (ritual cleansing) before any pray and has forbidden certain "knowledgeable brothers" the right to speak in service. Plaintiff says KIPER sat in on a service

and threatened he would kick out anyone if there any disagreements.  Plaintiff says defendant called the unit response team on one occasion when there was no altercation.  Plaintiff also says that, on December 8, 2008, KIPER "did not honor the Islamic holiday . . . ."  Plaintiff gave no more details about that claim.

Plaintiff also alleges the removal of inmate POWELL from a January 16, 2009 service caused a disruption.  Plaintiff states he got up and left the service.

**Failure to Exhaust**

The only matter plaintiff grieved was the expulsion of inmate POWELL from a service on January 16, 2009 by defendant KIPER.  Therefore, with respect to plaintiff's other claims against defendant KIPER, plaintiff has utterly failed to exhaust administrative remedies.

Except for plaintiff's claim concerning Powell's January 16, 2009 expulsion, based on defendant's assertion of the defense of failure to exhaust administrative remedies and the evidence received at the hearing to consider the matter, it is clear plaintiff's remaining claims against defendant KIPER are not exhausted and are barred pursuant to Title 42, United States Code, section 1997e(a).  Plaintiff has failed to state a claim against defendant KIPER on which relief can be granted.

**Qualified Immunity**

As to the January 16, 2009 incident with inmate Powell, testimony was received from defendant KIPER that offender Powell was standing by the door in the chapel and that this created a security issue.  He stated offenders cannot stand by the door in that manner because they could alert others before KIPER or security staff enter.  Further, they could obstruct the view of those outside of the chapel so they couldn't monitor what was going on inside.  KIPER

stated offender Powell sat down when KIPER first told him to, but when KIPER came by again, Powell was standing in the door again.  KIPER said he opened the door and again told Powell to sit down.  Powell responded that he had permission to stand, so KIPER had him come back out into the hall.  Powell did so and said he had written permission to stand there.  Defendant KIPER testified that, on numerous occasions the offenders and their coordinators had been instructed not to have persons posted at the doors.  Defendant KIPER said as he spoke with Powell, Powell became more agitated, and KIPER told him he needed to sit down or leave.  Defendant KIPER testified he then returned to his office and, when he came out again, Powell was standing in the door again and said Mr. Shipp had authorized him.  By the time defendant KIPER contacted Mr. Shipp, Powell was sitting down.  Mr. Shipp said he had not given Powell any such permission and defendant KIPER then called Powell out and told him to bring his stuff because he would have to leave the services.  Defendant KIPER testified he then went back into his office and a few moments later, Mr. Shipp came in and said all the offenders had left.  Defendant KIPER said offender Powell did not grieve the incident and has not stood at the door since the incident.

     Assuming KIPER's dealings with inmate Powell constitute grounds for plaintiff SADDLER to advance in the lawsuit, the uncontroverted evidence presented at the evidentiary hearing, shows defendant KIPER acted reasonably in response to offender Powell's repeated disobedience of instructions and that the prohibition against standing in the doorway or guarding the doorway was reasonably related to a legitimate penological interest.  There is no suggestion that requiring offender Powell to sit, instead of standing in the doorway, interfered with the free exercise of religion by plaintiff or anyone else.  Defendant KIPER is entitled to qualified

immunity for his actions.

## CONCLUSION

For the reasons set forth above, and pursuant to Title 42, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims by plaintiff ANTWAN LAMON SADDLER against defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE ID and against defendants KIPER, HARBOUR, and RICHARDSON IN THEIR OFFICIAL CAPACITIES be DISMISSED WITHOUT PREJUDICE PURSUANT TO Rule 12(b)(1), FEDERAL RULES OF CIVIL PROCEDURE AS BARRED BY SOVEREIGN IMMUNITY; plaintiff's claim for monetary relief be DISMISSED PURSUANT TO THE PLRA FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND DISMISSED AS FRIVOLOUS UNDER THE RLUIPA; and plaintiff's claims against defendants RICHARDSON and HARBOUR be DISMISSED WITH PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES. Further, plaintiff is not entitled to relief on his claims against defendants RICHARDSON and HARBOUR even if they were exhausted because both defendants are entitled to QUALIFIED IMMUNITY against the claims asserted. Plaintiff's claims against defendant KIPER should be DISMISSED WITH PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES and because KIPER has shown he is entitled to QUALIFIED IMMUNITY from plaintiff's claims.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

       IT IS SO RECOMMENDED.

       ENTERED this 17th day of May, 2012.

                                        */s/ Clinton E. Averitte*
                                        CLINTON E. AVERITTE
                                        UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

       Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

       Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).